UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIJKIA CARL WHITTAKER, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:16-CV-972 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on the government's objection to the presentence investigation report ("PSR") and motion to stay ruling on movant's § 2255 motion for post-conviction relief.[1] In its filing, the government acknowledges that its objection to the PSR is out of time. The Court grants the government leave to file the objection out of time.

The government's motion seeks a stay of the Court's ruling on movant's § 2255 motion pending the Eighth Circuit Court of Appeals' decision in United States v. Swopes, No. 16-1797, which is set for rehearing *en banc* in September 2017. The government's position in Swopes is that the Eighth Circuit's opinion in United States v. Bell, 840 F.3d 963 (8th Cir. 2016), is incorrect. In Bell, the Eighth Circuit held that a defendant's prior Missouri conviction for robbery in the second degree did not constitute a "crime of violence" under the United States Sentencing Guidelines. Id. at 966-67. Movant relies on Bell in his § 2255 motion to argue that his prior convictions for Missouri second degree robbery likewise are not "violent felonies" under the Armed Career

---

[1]The government filed the document in both movant's criminal case, United States v. Whittaker, 4:04-CR-26 CAS (Doc. 80), and in this § 2255 action (Doc. 20).

1

Criminal Act. Because the government contends <u>Bell</u> was wrongly decided, and will argue this position before the Eighth Circuit in <u>Swopes</u> in September, it seeks a stay.

The Court will deny the government's request for a stay. <u>Bell</u> is controlling law in the Eighth Circuit. Although the <u>Bell</u> decision is implicated in the <u>Swopes</u> case, the Court cannot find this justifies a stay of this action. The PSR prepared by the United States Probation Office states that movant no longer meets the armed career criminal provisions of the Armed Career Criminal Act under <u>Bell</u>, and is entitled to a sentence reduction under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The Court considers movant's § 2255 motion a priority, and therefore will not stay the case pending a determination by the Eighth Circuit in <u>Swopes</u>.

Accordingly,

**IT IS HEREBY ORDERED** that the government is granted leave to file its objection to the presentence investigation report out of time.

**IT IS FURTHER ORDERED** that the government's motion to stay a ruling on movant's § 2255 motion for post-conviction relief is **DENIED**. [Doc. 20]

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Memorandum and Order in movant's criminal case file, <u>United States v. Whittaker</u>, 4:04-CR-26 CAS.

**IT IS FURTHER ORDERED** that the government shall file its response to movant's § 2255 motion by **August 17, 2017**.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>10th</u> day of August, 2017.